**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| KOMODO CLOUD, INC. | ) | Case No. 18-17889 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |

**MOTION TO APPROVE SETTLEMENT AGREEMENT WITH**
**ARROW ENTERPRISE COMPUTING SOLUTIONS**

Komodo Cloud, Inc., debtor and debtor in possession (the "Debtor"), hereby seeks entry of an order approving its settlement agreement with Arrow Enterprise Computing Solutions ("Arrow") (the "Motion"). In support of the Motion, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(A) and (M).

**Background**

2.  On June 24, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is a cloud integrator that provides customers with subscription-based IT resources and associated professional services. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as debtors in possession. No trustee, examiner or committee has been appointed in this chapter 11 case.

3.  The Debtor filed for bankruptcy protection because, among other things, of a dispute with one of its former vendors, Arrow. On August 29, 2017, Arrow filed a lawsuit

against Komodo in the Circuit Court of Cook County seeking judgment for breach of contract, attorney's fees, and unjust enrichment.[1]  The parties stipulated to a judgment in favor of Arrow on March 22, 2018. A stipulated judgment was entered on April 4, 2018.  Under the stipulated judgment, Arrow agreed (with certain exceptions) to forebear from enforcement of the judgment for 90 days from the date of the parties' stipulation.

4.      On June 21, 2018, after the forbearance period ended, Arrow obtained a Citation to Discover Assets (the "Citation") from the Circuit Court.  On or about June 22, 2018, Arrow served a copy of the Citation on Wells Fargo Bank, N.A. where the Debtor had its pre-petition bank account (the "Wells Fargo Account").  Service of the Citation on Wells Fargo had the effect of "freezing" the Wells Fargo Account.

5.      Arrow contends that the Citation creates a valid and duly-perfected security interest in favor of Arrow in the amount in the Wells Fargo Account when the Citation was served on Wells Fargo Bank, N.A. ($67,940.14).  Accordingly, Arrow contends that the amount in the Wells Fargo Account at that time is Arrow's cash collateral.  The Debtor disputes Arrow's contentions and contends that Arrow's lien is either invalid or avoidable.

6.      Initially, the Debtor operated using unencumbered funds collected from customers post-petition.  To preserve the status quo with respect to the parties' legal right to the funds in the Wells Fargo Account, but to give the Debtor access to those funds pending a settlement or legal resolution of the parties' dispute, the parties stipulated to the Debtor's use of cash collateral.

---

[1] This Court take may take judicial notice of the Circuit Court proceedings in the Arrow litigation. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

7. The Debtor's use of cash collateral under the stipulation was approved by the Bankruptcy Court on an interim basis September 19, 2018 and on a final basis on October 18, 2018.

8. The Debtor and Arrow have now reached a global resolution of their disputes, including Arrow's secured claim on the Wells Fargo Account as well its claim against the Komodo estate more generally. The parties' agreement is embodied in a formal settlement agreement (the "Agreement") which is attached to this Motion as Exhibit A.

## Summary of the Agreement

9. The Agreement is a global resolution of all issues between Arrow and the Debtor, and it can be summarized as follows:

   a. The Debtor will propose a chapter 11 plan of reorganization that proposes to pay Arrow $65,000 within 30 calendar days of the plan effective date, in full satisfaction of any of Arrow's claims against the Debtor and its estate.

   b. So long as the Debtor proposes a plan that is consistent with the Agreement, Arrow will vote for, and support confirmation of, of that plan.

## Relief Sought

10. By this Motion, the Debtor seeks entry of an order approving the Settlement Agreement under Bankruptcy Code Sections 105 and 363 and Bankruptcy Rule 9019.

## Argument

11. "On motion by the trustee [or debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." Bankruptcy Rule 9019(a). Compromises are a normal part of the bankruptcy process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). As a matter of policy, compromises

3

and settlements are favored in order to minimize litigation and expedite administration of the estate. *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986); *accord In re Heissinger Resources Ltd.*, 67 B.R. 378, 383 (C.D. Ill. 1986) ("the bankruptcy court is to consider that the law favors compromise.").

12. Approval of a compromise or settlement is left to the discretion of the bankruptcy court. *In re Quay Corp., Inc.*, 372 B.R. 378, 382 (Bankr. N.D. Ill. 2007) (*citing In re Del Grosso*, 106 B.R. 165, 167 (Bankr. N.D. Ill. 1989)). In general, a court will approve a settlement if it finds that such settlement "is in the best interests of the bankruptcy estate." *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 801 (7th Cir. 2012) (*citing In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007)).

13. In determining if a settlement is in the estate's best interests, a court weighs the costs and benefits of litigation against the terms of the settlement. *Id.* at 802 (citing *Doctors Hosp.*, 474 F.3d at 426). In general, a proposed settlement will be approved by a court if it falls within the "reasonable range of litigation outcomes." *Id.* Here, the benefits of the Agreement are significant and the result falls well within the reasonable range of litigation outcomes.

14. Presently, Arrow has a secured claim of $67,940.14 because it served the Citation pre-petition (and because the parties' stipulated cash collateral order preserved the status quo pending further settlement negotiations). The Debtor contends that Arrow's secured claim may be avoided as a preference. Even if the Arrow's secured claim is avoided, however, Arrow still has a $1 million general unsecured claim.

15. Thus, if the Debtor chose to litigate with Arrow instead of settling, the Debtor would have to file an adversary proceeding to avoid Arrow's secured claim. Then, even if the Debtor prevailed, it would have to confirm a plan of reorganization over Arrow's objection.

16. Arrow's $1 million unsecured claim represents more than 90% of the Debtor's undisputed unsecured claims. Accordingly, the Debtor could only confirm a plan under the "cramdown" provision of Section 1129(b). While the Debtor believes that it can confirm a plan under Section 1129(b), a contested confirmation hearing is, by definition, costly and uncertain.

17. The Agreement is a win-win for the Debtor, Arrow and other general unsecured creditors. By compromising their disputes, Arrow and the Debtor avoid significant legal fees, create certainty about plan treatment for the Debtor's largest creditor, and free up the Debtor's future cash flow to give a meaningful distribution to the Debtor's remaining general unsecured creditors.

## **Conclusion**

18. Based on the foregoing, the Debtor requests that the Court issue an order approving the Agreement.

Dated: December 26, 2018            Respectfully submitted,

DENTONS US LLP

*/s/    Christopher E. Prince*
Robert E. Richards
233 S. Wacker Drive
Suite 5900
Chicago, IL 60606

Christopher E. Prince (CA SBN 183553)
(Admitted to the Gen Bar for the ND of IL)
LESNICK PRINCE & PAPPAS LLP
315 W. Ninth Street, Suite 705
Los Angeles, CA 90015
Tel: (213) 493-6496

*Proposed Attorneys for Debtor
and Debtor in Possession
Komodo Cloud, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| KOMODO CLOUD, INC. ) | Case No. 18-17889 |
| ) | |
| Debtor. ) | Hon. Jacqueline P. Cox |
| ) | |

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on December 26, 2018, he caused a copy of the foregoing **DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH ARROW ENTERPRISE COMPUTING SOLUTIONS** to be filed with the Court via the Court's CM/ECF System, and served by notice of electronic filing.

Dated:  December 26, 2018

Respectfully submitted,

DENTONS US LLP

*/s/     Christopher E. Prince*
Robert E. Richards
233 S. Wacker Drive
Suite 5900
Chicago, IL 60606

Christopher E. Prince (CA SBN 183553)
Admitted to the General Bar
for the ND of Illinois
LESNICK PRINCE & PAPPAS LLP
315 W. Ninth Street, Suite 705
Los Angeles, CA 90015

*Attorneys for Debtor*
*and Debtor in Possession*
*Komodo Cloud, Inc.*

6